# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                         Case No. 12-80060-WRS
                                                              Chapter 13
VIVIAN REANL CALHOUN,

      Debtor

## **MEMORANDUM**

This case is before the Court on Green Tree's Motion for Relief from the Automatic Stay. (Doc. 33). The Court held an evidentiary hearing on the matter on May 14, 2014, in Opelika, AL. Green Tree was represented by counsel Judd Anderton, and the Debtor, Ms. Calhoun, was present by counsel America Cross and attorney William Carswell. The Court has considered the briefing and arguments of counsel, and, for the reasons set forth below, finds the Motion for Relief from the Automatic Stay is due to be GRANTED.

## **I. FACTS**

The Debtor filed a petition pursuant to Chapter 13 of the Bankruptcy Code on January 17, 2012. In Schedule D, the Debtor listed Green Tree as a secured creditor, but only in relation to a debt owed to Green Tree secured by the Debtor's mobile home. On February 7, 2014, Green Tree filed a Motion for Relief from Stay regarding the Debtor's ownership interest in real property located at 29 Hill Street, Phenix City, AL 36869. (Doc. 33). In its motion, Green Tree asks the Court to lift the stay so that they may pursue equitable relief regarding the property in state circuit court. The basis of Green Tree's concern is that while they are not expressly listed as a mortgagee of record, they believe they may be entitled to some equitable interest in the

property, or may be "entitled to be equitably subrogated to the rights of the prior mortgage holder on the Property." Id.

The facts underlying Green Tree's claim for equitable relief were not disputed by attorneys for the Debtor. In 1997, Green Tree's predecessor in interest, Coastal Plains Financial Services, Inc., secured a recorded mortgage onto the property in exchange for a loan to the Debtor's mother, Suzie Alexander. That mortgage was later assigned to Green Tree. In July 2000, Alexander purportedly conveyed the property to the Debtor and her husband at the time, Lee Jacobs. Three weeks later, Alexander borrowed more money, this time from Canseco Finance Corp., to refinance the original loan - and purported to secure the new loan by granting a mortgage against the property. Alexander died in 2001. Green Tree alleges in its motion that later in 2001, the Debtor and Jacobs recorded a warranty deed conveying the property to the Debtor, and her brother and sister, Marietta Davis and Carlton Moore. On February 18, 2003, Moore allegedly recorded a warranty deed conveying his interest to the Debtor and Davis.

From the time of Alexander's death until October 2012, payments on the loan have been made. In the meantime, Green Tree alleges that several liens have potentially attached to the property since the granting of the mortgage, mainly judgments against Davis. After the dust settles on this complicated trail of conveyances and judgments, it is unclear who has ownership interests in the property, and what, if any, liens exist against the property. Green Tree asks this Court to lift the stay so that they may pursue these answers in state court.

2

Case 12-80060    Doc 53    Filed 05/27/14    Entered 05/27/14 09:59:53    Desc Main
                    Document      Page 2 of 6

## II. LAW

Pursuant to 11 U.S.C. § 362, the filing of the Debtor's bankruptcy petition imposed a stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ." 11 U.S.C. § 362(a)(1). The bankruptcy court may suspend the automatic stay, "on request of a party in interest and after notice and a hearing." 11 U.S.C. § 362(d)(1). Relief from an automatic stay may be granted for a variety of reasons, including "for cause." Id. "'Cause' for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised." In re Marvin Johnson's Auto Services, Inc., 192 B.R. 1008, 1013 (Bankr. N.D. Ala. 1996) (citations omitted)

Both parties have cited to the Marvin decision for a list of considerations a court should use when determining whether to grant stay relief:

> (1) trial readiness; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the estate; (5) the creditor's chances of success on the merits; (6) specialized expertise of the non-bankruptcy forum; (7) whether the damages or claim that may result from the nonbankruptcy proceeding may be subject to equitable subordination under Section 510(c); (8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant, or other nondebtors, if the stay is lifted; and, (10) the presence of third parties over which the bankruptcy court lacks jurisdiction.

Id. at 1014. Essentially, the finding of cause in order to lift stay rests upon a totality of the circumstances analysis, which "balance[s] the hardship to the creditor, if he is not allowed to

3

proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." <u>In re Carraway Methodist Health Sys.</u>, 355 B.R. 853, 854 (Bankr. N.D. Ala. 2006).

Green Tree has made a showing that cause exists to grant relief from the stay. Judicial economy favors having Green Tree's interest in the property defined now, rather than at the close of this bankruptcy case. The burden of potential added time and expense on the Debtor is not outweighed by the delay proposed by the Debtor. Additionally, this is a state law claim involving property situated in Alabama held by citizens of Alabama - there are numerous parties and issues at play here that are more appropriately resolved in state court.

For purposes of judicial economy, Green Tree should be permitted to pursue its state court action. According to Debtor's counsel, this Chapter 13 case still has nearly eighteen months left until completion. The Debtor has not provided a good reason as to why the creditor should be made to wait eighteen months in order to learn what rights it may or may not have with respect to the property. Further, the Court sees potential future problems that could arise if the Debtor's approach were to be adopted. Sifting through the numerous conveyances of this property, it appears that there are at least four individuals, including the Debtor, who may have some interest in this property. The Court can conceive of a scenario where Green Tree is ordered to wait the eighteen months until the Debtor completes her plan, only to have one of the other parties in interest file a bankruptcy petition and argue in favor of further delay. This scenario could repeat itself for years. No good reason exists to force Green Tree to wait until the completion of the Debtor's plan in order to seek a determination of its potential interest in this property.

In raising the potential burden this state court action may have on the Debtor, counsel argued that the lifting of the stay could place a hardship on the debtor because it could lead to Green Tree potentially bringing a future foreclosure action. In essence, the Debtor's argument is that the Court should delay Green Tree's ability to learn of its potential rights in the property because if Green Tree discovers its has rights it may seek to enforce them. That argument is unconvincing. All that is before this Court is Green Tree's motion to seek equitable relief in state court. That any number of potential consequences might happen once Green Tree learns of its interest or non-interest in the property is not, standing alone, a factor that would outweigh all else. While the Court is not unsympathetic to the fact that state court litigation can burden the debtor with extra time and expense, that burden must be considered along with the overall totality of the circumstances.

Further, this question involving state law claims against residents of Alabama regarding property located in Alabama naturally should be resolved in state court. This cases involves a number of non-debtor parties in interest that this Court lacks jurisdiction over. Even if this Court were to go forward and decide the property interests as between Green Tree and the Debtor, the Debtor is only one of several family members involved in holding title to this property. The property interest as between Green Tree and the remaining family members would still need to be decided by the state court at some point, creating needlessly duplicative litigation. Any interests Green Tree may or may not have, and any equitable remedies available to it, are all born out of state law. This stay motion does not ask for a lifting so it may deprive estate property, rather, it

5

only asks to have the creditor's legitimate interest under state law defined.  This is an appropriate cause for which to lift the stay.  See In re Freeman, 2011 WL 3627370 (M.D. Ala. 2011) (aff'g 2010 WL 5373808 (Bankr. M.D. Ala. 2010) (Sawyer, B.J.)) (holding that lifting of the automatic stay was proper where a state court lawsuit sought to define a legitimate interest in contested land).

### III. CONCLUSION

Green Tree's Motion for Relief from the Automatic Stay provides sufficient cause under § 361(d)(1).  In the overall view of the present circumstances, Green Tree's right to define its interest in the 29 Hill Street property outweighs the burdens the state court lawsuit may place on the Debtor.  The Motion appears narrowly tailored to proceed in state court only to seek equitable relief relating to the issue of being subrogated to the rights of a prior mortgage holder on the property.  For these reasons, Green Tree's Motion for Relief from the Automatic Stay is GRANTED.

Done this 27th day of May, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: America A. Cross, Attorney for Debtor
   Judd J. Anderton, Attorney for Green Tree Servicing LLC
   Curtis C. Reding, Trustee